IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF TAHLAL WAL- | § No. 149, 2023 |
| IKRAM a/k/a ROBERT POTTS | § |
| FOR A WRIT OF MANDAMUS | § |

Submitted: May 30, 2023
Decided: July 12, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Tahlal Wal-Ikram a/k/a Robert Potts, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 and requests the issuance of a writ of mandamus directing the Superior Court to rule on his motion for postconviction relief under Superior Court Criminal Rule 61.  The State of Delaware has filed an answer and motion to dismiss Wal-Ikram's petition. After careful review, we conclude that the petition must be dismissed.

(2)     In June 2018, a Superior Court jury found Wal-Ikram guilty of drug dealing and multiple weapon charges.[1]  The Superior Court sentenced Wal-Ikram to

---

[1] The Court has taken judicial notice of the docket in Criminal ID No. 1709011232.

an aggregate of twelve years of Level V incarceration, followed by decreasing levels of supervision. This Court affirmed the Superior Court's judgment on direct appeal.[2]

(3) On March 2, 2020, Wal-Ikram filed a Rule 61 motion for postconviction relief and a motion for appointment for counsel. On July 12, 2021, postconviction counsel advised the Superior Court that she had been appointed to represent Wal-Ikram and submitted a briefing schedule. The Superior Court granted the schedule. Postconviction counsel subsequently requested extensions until November 7, 2022 to file an amended motion for postconviction relief or a motion to withdraw, which the Superior Court granted. On November 7, 2022, postconviction counsel filed a motion to withdraw under Rule 61(e)(7). Wal-Ikram requested an extension until December 28, 2022 to file his response to the motion to withdraw, which the Superior Court granted.

(4) On December 19, 2022, Wal-Ikram filed his response to the motion to withdraw. Upon the Superior Court's direction, postconviction counsel and the prosecutor filed an amended briefing schedule. Under the amended briefing schedule, Wal-Ikram's trial counsel submitted affidavits responding to Wal-Ikram's allegations of ineffective assistance by February 28, 2023, the State filed a response to the postconviction motion on May 4, 2023, and Wal-Ikram filed his reply on May 30, 2023. On June 5, 2023, Wal-Ikram filed an amended motion for postconviction

---

[2] *Potts v. State*, 2019 WL 7369199 (Del. Dec. 30, 2019).

relief. On June 7, 2023, the Superior Court advised Wal-Ikram that briefing on the motion for was postconviction relief was closed and that the Superior Court would review and rule upon the papers submitted.

(5) On May 1, 2023, Wal-Ikram filed a petition for a writ of mandamus in this Court. He asks this Court to issue a writ of mandamus directing the Superior Court to rule on his motion for postconviction relief.

(6) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[3] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

(7) There is no basis for the issuance of a writ of mandamus in this case. Wal-Ikram filed his motion for postconviction relief shortly before the onset of the judicial emergency that was declared in response to the COVID-19 pandemic. During the judicial emergency, emergency restrictions on judicial branch activity were in effect and time requirements under the Speedy Trial Guidelines were tolled.

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*

3

As the State also points out, Wal-Ikram filed motions for sentence correction, sentence modification, and new trial between March 2020 and September 2022 that the Superior Court acted upon. Briefing on Wal-Ikram's initial motion for postconviction relief was completed on May 30, 2023 and the matter has been submitted to the Superior Court for decision. Under these circumstances, we cannot find that Superior Court has arbitrarily failed or refused to perform a duty owed to Wal-Ikram.[5] The petition for a writ of mandamus must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] *See, e.g., In re Campusano-Tejeda*, 2020 WL 3886901, at *2 (Del. July 9, 2020) (finding that passage of less than four months since the completion of briefing on the petitioner's postconviction motion did not constitute undue delay or arbitrary refusal by the Superior Court given COVID-19 and the petitioner's multiple motions).